Gaston, Judge.
No error has been shown by the defendant to warrant a reversal of this judgment. The instruction of the Judge was in precise conformity to the doctrine laid down by this Court in the case of Henry v. Patrick, Ante 1 vol. 358, and the evidence justified that instruction. The testimony offered for the purpose of reducing the stipulated price was properly rejected. There was no warranty of the health of the negro express or implied, and no imputation of 'unfairness in the vendor. Of course the rule of caveat emptor applied. The purchaser bought for better for woi’se, and was therefore bound to fulfil his contract. The cases which have been cited in argument for the defendant, whether well or ill decided, do not apply to a sale of this character — but to sales at an agreed price where the articles delivered do not correspond in nature or in quality with those which were contracted for. In such cases the vendee has certainly a right to reject the articles altogether. If he does not and there is no warranty, the ordinary presumption is that he waives his objection to them because of their not corresponding with the contract. But if from the nature of the transaction it be not practicable for him to reject the articles altogether — as for instance where they have been used before the discovery of this discrepancy-then according to these cases he may reduce the vendor’s claim to a quantum valebant, or to what they are actually worth. (Stark on Evidence, Vendor and Vendee.) But here the purchaser received the very article for which he contracted — there was no stipulation with respect to its qualities, and these were at least as well known to him as to the vendor. There can be no mo.re reason to discharge him from part of the price because the thing pürchased turned out to be less valuable than was expected, than there could be to charge him with a higher price if it had proved more • valuable than was anticipated. Where contracts are lawful • — and fair — it is the duty of Courts to enforce their execution *68 according to the agreement of the parties. The judgment must be affirmed.
Per.- Curiam. Judgment affirmed.